UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EVERETT CHARLES WILLS II, Petitioner | CIVIL ACTION NO. 5:17-CV-753-P |
| VERSUS | JUDGE S. MAURICE HICKS JR. |
| DARREL VANNOY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner Everett Charles Wills II ("Wills") (#391159). Wills is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Wills challenges his conviction and sentence imposed in the First Judicial District Court, Caddo Parish.

I. Background

Wills was convicted of second degree murder and sentenced to life imprisonment. State v. Wills, 48,469 (La. App. 2 Cir. 9/25/13), 125 So. 3d 509, 513, writ denied sub nom. State ex rel. Wills v. State, 2013-2563 (La. 6/13/14), 140 So. 3d 1184. On appeal, Wills argued there was insufficient evidence of second degree murder, and that the sentence was excessive. Id. Wills's conviction and sentence were affirmed. Id. Wills did not seek further review in the United States Supreme Court, so his conviction and sentence became final on September 11, 2014.

Wills's application for post-conviction relief was not filed until September 11, 2015. However, the application was tendered to the prison mailroom on August 17,

2015. (Doc. 9-2, pp. 3-4; Doc. 9-5, p.32). Wills raised claims of ineffective assistance of counsel, prosecutorial misconduct, and the violation of Wills's right to access the court. (Doc. 1, p. 3; Doc. 1-9, p. 13). The application was denied on December 18, 2015. (Doc. 1-9, pp. 13-15).

Wills's application for supervisory review of the denial of his application for post-conviction relief was mailed on January 11, 2016. (Doc. 9-6, p. 18). The supervisory writ was denied on March 24, 2016. (Doc. 9-6, p. 19).

Wills sought review in the Louisiana Supreme Court, which was denied. The court noted that Wills failed to show he received ineffective assistance of counsel, and Wills's remaining claims were repetitive. State ex rel. Wills v. State, 2016-0041 (La. 5/26/17).

Wills filed his § 2254 petition on June 8, 2017. (Doc. 1).

II. Service of Process

**THE CLERK IS DIRECTED** to prepare summons and serve a copy of the petition (Doc. 1) and this Order on:

- the Attorney General for the State of Louisiana and the respondent warden, via Certified Mail, and

- the District Attorney for the First Judicial District Court, Caddo Parish, where Petitioner was convicted and sentenced, via First Class Mail.

The Clerk shall serve Wills with a copy of this Order only.

**IT IS ORDERED** that Respondent, through the District Attorney, file **within sixty (60) days after the date of service of summons:**

1. An answer to the petition.

(a) The answer shall state whether Petitioner has exhausted state remedies, including any post-conviction remedies available to him under Louisiana law, by properly presenting to the Louisiana Supreme Court all issues raised in this petition. If Respondent claims that Petitioner has failed to exhaust his state remedies, Respondent shall state whether Petitioner has any available procedural vehicle by which he may present his claims to the state courts, and if not, Respondent shall present applicable case law as to whether this Court should reach the merits of the claims. If Respondent contends that Petitioner has procedurally defaulted on any ground presented in this petition, Respondent should raise the defense of procedural default.

Respondent shall also address whether the claims presented herein are cognizable on federal habeas review. If they are not cognizable, Respondent shall present applicable case law as to why the claims are not properly reviewable by this Court.

Respondent should also state whether Petitioner demonstrates that any of the claims presented herein have been adjudicated in state court proceedings that resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) a decision that was based on an unreasonable determination

of the facts in light of the evidence presented in the state court proceedings. See 28 U.S.C. § 2254(d), as amended by § 104(d) of the AEDPA.

Respondent should also state whether Petitioner has rebutted by clear and convincing evidence any factual determination made by a state court and which is presumed to be correct in this proceeding. See 28 U.S.C. § 2254(e)(1), as amended by § 104(e) of the AEDPA.

(b) In the event the State contends that it has been prejudiced in its ability to respond by Petitioner's delay in filing or that the petition is a second or successive petition under 28 U.S.C. § 2254, the State shall set forth such contentions with particularity.

(c) Respondents are further ordered to specifically address whether the filing deadlines contained in 28 U.S.C. § 2244(d)(1) (as amended by Section 101 of AEDPA) are applicable to this proceeding and bar review of Petitioner's claims.

2. A memorandum of law in support of all issues raised in the answer, citing relevant Fifth Circuit authority and referring to the pertinent page numbers in the state court record in support of the answer. **A COPY OF THE BRIEF FILED IN STATE COURT WILL NOT BE DEEMED SUFFICIENT IN THIS PROCEEDING**.

3. A **certified copy of the state court record**, including transcripts of all proceedings held in the state courts.

4. A **certified copy** of all documents, including all briefs or memoranda of any party, filed in connection with any appeal, application for post-conviction relief, or

writ application presented to any and all state district courts, appellate courts, or the Louisiana Supreme Court.

5.      Certified copies of, or citations to, all state court dispositions, including the Louisiana Supreme Court decision pertaining to the conviction under attack.

**<u>Respondent is to provide the Magistrate Judge with a paper copy of all exhibits filed using CM/ECF. The pages of the record shall be arranged in chronological sequence and securely bound together and numbered consecutively. An index describing each item submitted and showing each item's page number shall also be filed/attached.</u>**

In the event the District Attorney is unable to produce any of the above documents, he shall advise this Court in writing why he is unable to produce them.

**IT FURTHER IS ORDERED** that Petitioner is allowed twenty (20) days following the filing of Respondent's memorandum in which to file any response he wishes to present to this Court.

After the record is complete and all legal delays have run, the Court will determine the necessity of an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will issue without further notice.

**IT IS ORDERED** that, as a condition to their acceptance by the Clerk, all future filings by Petitioner or Respondent(s) shall include a certificate indicating that a copy thereof has been furnished to the other parties.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __25th__ day of September, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge