# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| EVERETT CHARLES WILLS II | CIVIL ACTION NO. 5:17-CV-0753 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STATE OF LOUISIANA | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM RULING

Before the Court is the Report and Recommendation of the Magistrate Judge (Record Document 19). The Magistrate Judge recommends that the Section 2254 petition filed by Everett Charles Wills II ("Wills") be denied and dismissed with prejudice. See id. Wills has filed objections to the Report and Recommendation. See Record Document 20.

The Court has considered all of Wills's objections and concludes that the findings and recommendation of the Magistrate Judge are correct under applicable law. The Court will specifically address Wills's objection A(1). See id. at 1-3. Wills argues that his attorney's decision to change the affirmative defense from defense of self and others to manslaughter was without Wills's express consent and violative of the Sixth Amendment as set forth in McCoy v. Louisiana, 138 S.Ct. 1500 (2018). In McCoy, the Supreme Court held that the defendant had an absolute right to maintain his innocence and his attorney could not concede the defendant's guilt when the defendant consistently maintained his innocence. See id. at 1507-1512. The Court held this was an issue of "client autonomy, not counsel's competence." Id. at 1510.

Wills claims that his counsel was deficient in failing to pursue his defense of self or defense of others theory. Yet, this Court finds that the decision of Wills's attorney was not a question of client autonomy and the instant matter is distinguishable from McCoy. Here, counsel's decision fell within "the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 680. In the Report and

Recommendation, the Magistrate Judge discussed the evidence presented at Wills's trial, which included Wills's admission that he had shot the victim;[1] no evidence that the victim was the aggressor or that he was armed; and Wills initiating the confrontation and failing to withdraw from it. See Record Document 19 at 11-12. These facts do not support a defense of self or defense of others theory and Wills could not have claimed such under Louisiana law. Id. at 12; see also La. R.S. 14:21. Thus, this Court cannot say that it was an unreasonable application of Strickland to find that counsel's failure to assert a defense of self or defense of others defense was objectively reasonable and fell within trial strategy. See Strickland, 466 U.S. at 688; see also Grindle v. Jenkins, No. 2:14-CV-197-KS-MTP, 2016 WL 6330575, at *2 (S.D. Miss. Oct. 28, 2016).

Accordingly,

**IT IS ORDERED** that Everett Charles Wills's Section 2254 petition for writ of habeas corpus is **DENIED AND DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 20th day of July, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Throughout his case, McCoy maintained he "was not the murderer." McCoy, 138 S.Ct. at 1509. Here, Wills admitted he shot the victim and instead challenges counsel's decision to pursue a manslaughter defense over a defense of self or defense of others defense.